IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TERRELL MAURICE BRUNSTON,<br><br>Defendant. | Case No. 2:18-MJ-03346<br><br>ORDER OF DETENTION |

I.

On December 19, 2018, Defendant Terrell Maurice Brunston ("Defendant") made his initial appearance in this district on the Indictment filed in the United States District Court for the District of South Dakota – Southern Division, Case No. 2:18-MJ-03346. The Court appointed Deputy Federal Public Defender ("DFPD") Julia Deixler to represent Defendant.

The Court conducted a detention hearing based on a motion by the Government pursuant to 18 U.S.C. § 3142(e) in a case alleging that there is no condition or combination of conditions that reasonably will assure (a) the appearance of the defendant as required, and (b) the safety or any other person and

the community.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions reasonably will assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)].

## II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.
☒ the safety of any person or the community.

The Court bases its conclusions on the following:

As to risk of non-appearance:
- Nature of the charged offense;
- Commission of the underlying charge while on probation status;
- Disregard of court orders as evidenced by, among other things, Defendant's commission of the charged offense while on probation and Defendant's outstanding warrant for misdemeanor traffic offense of driving with license suspended or revoked;
- Sporadic residence history.

As to danger to the community:
- Nature of the charged offense;
- Currently on three terms of probation;
- Extensive criminal history that includes violent crimes, including those not included in the Pretrial Services Report and Recommendation but brought to the Court's attention during the detention hearing;

///
///

2

- Admitted history of mental health issues;
- Commission of the underlying charge while on probation status.

III.

In reaching this decision, the Court considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g).] The Court also considered the report and recommendation of the U.S. Pretrial Services Agency.

V.

IT IS THEREFORE ORDERED that Defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in

///
///
///
///
///
///

which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i).]

Dated: December 20, 2018

\_\_\_\_\_/s/_____
HON. MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE